**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ————————————————— | ) | |
| OLHA NOHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-1582 (RBW) |
| | ) | |
| RONALD REAGAN-WASHINGTON | ) | |
| NATIONAL AIRPORT *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————— | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Motion to Dismiss ("MTD"), ECF No. 29, filed by

the defendants, Ronald Reagan Washington National Airport ("Reagan National"), Tarik

Muhammad, and Terrence Liercke.  For the reasons stated below, the Court grants the

defendants' Motion and dismisses this matter without prejudice.

**BACKGROUND**

Olha Noha, proceeding *pro se*, filed this matter on May 16, 2025, brought against Reagan

National, Muhammad—who appears to be an officer with the Metropolitan Washington Airports

Authority Police Department ("MWAAPD"), and Liercke—Reagan National's Airport Manager.

*See* Complaint ("Compl."), ECF No. 1, at 1–3; Minute Order, July 25, 2025 (granting the

plaintiff's motion to amend her Complaint to add Liercke as a defendant).  Noha alleges that,

around December 2024, she was at Reagan National, not travelling, but "enjoy[ing] the

atmosphere." *See* Compl. at 4–5.  She was approached by an airport police officer, who asked

her for identification and to explain her purposes at the airport.  *See id.*; *see also* Compl. Exhibits

("Compl. Exs."), ECF No. 1-1, at 1–2 (MWAAPD Case Report authored by Muhammad, Jan.

1

10, 2025) ("MWAAPD Rpt."). The officer allegedly inquired about Noha's "immigration status," accused her of "providing escort services," told her that she had to pay to remain on the premises, and insinuated that she could be barred from frequenting both Reagan National and Dulles International Airport. *See* Compl. at 5. To that end, an order was apparently issued by Reagan National on December 15, 2024, barring Noha from its premises. *See* MWAAPD Rpt. at 1.

Noha returned to Reagan National a few days later to "appeal her barring notice." *See id*. She was "sitting and working in the airport lobby," when she was again approached by an airport police officer, who informed her that Reagan National "has fixed working hours," and that she was in a "trespass zone." Compl. at 5–6. Noha disagreed with the officer, contending that she was free to remain there because there were no signs posted in the lobby, and because the airport's website did not mention trespass, instead conveying that Reagan National was open "24/7 for visitors and tourists 365 days a year." *See id.* at 6. Although that officer conceded that Noha could stay, shortly thereafter, she was surrounded by additional airport police, arrested for contravening the barring order, and held without bail until she faced criminal trespass proceedings in Arlington General District Court. *See id*. at 6–7; MWAAPD Rpt. at 1; Compl. Exs. at 3–4 (Arlington County Sherriff's Office Commitment Order and Booking Information, Jan. 10, 2025). Noha asserts that she has been unfairly banned from Reagan National, challenges that ban, Compl. at 8–10, and is demanding $3 million in damages, *see id.* at 4.

In response to the Complaint, on September 10, 2025, the defendants filed the pending Motion to Dismiss pursuant to Federal Rule 12(b)(3).[1] *See* MTD Memorandum ("MTD Mem."),

---

[1] The defendants also move to dismiss the claims against Reagan National pursuant to Federal Rule 12(b)(6), arguing that it is *non sui juris*, *see* MTD Mem. at 1–3, but the Court need not reach this issue, as it dismisses this matter entirely for improper venue.

ECF No. 29-1, at 3–4.  The defendants attest that Noha was served with the motion and memorandum by first-class mail and by certified mail, return receipt requested. *See* MTD at 2 (Certificate of Service, Sept. 10, 2025); MTD Mem. at 5 (Certificate of Service, Sept. 10, 2025).

On September 22, 2025, the Court issued an Order ("*Fox* Order"), ECF No. 30, directing Noha to respond to the Motion to Dismiss by October 10, 2025, and advising her that failure to respond could result in dismissal of this case without the benefit of her input, *see id.* at 1–2 (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam)).  On September 26, 2025, the Clerk of Court mailed a copy of the *Fox* Order to Noha's address of record.

Noha's opposition deadline elapsed, and she neither filed a response to the defendants' Motion to Dismiss, nor requested additional time to comply.  Then, on November 26, 2025, the *Fox* Order was returned as undeliverable, *see* Mail Returned as Undeliverable, ECF No. 31, and to date, Noha has not updated her address in this matter, as required, *see* D.C. LCvR 5.1(c)(1). Notably, Noha has not participated in this case whatsoever since September 4, 2025.  *See* Request for Leave to File (representing Noha's last submission in this case), ECF No. 26.

**LEGAL STANDARD**

### Improper Venue

Federal Rule of Civil Procedure 12(b)(3) governs motions to dismiss for improper venue. *See* Fed. R. Civ. P. 12(b)(3).  Under Rule 12(b)(3), a court should accept the plaintiff's well-pleaded factual allegations regarding venue as true, draw all reasonable inferences from those allegations in the plaintiff's favor, and resolve any factual conflicts in the plaintiff's favor. *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008).  A court has no obligation, however, to accept the plaintiff's legal conclusions regarding venue. *See Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).  And a court may consider materials outside the

pleadings to determine the propriety of venue. *See id.*; *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014); *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Williams*, 792 F. Supp. 2d at 62 (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)); *Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 3 (D.D.C. 2013) (same). A defendant objecting to venue need only allege facts with "'sufficient specificity to put the plaintiff on notice of the defect'" in venue. *McCain*, 13 F. Supp. 3d at 51 (quoting 14D Charles Alan Wright et al., Federal Practice and Procedure § 3826, at 496 (4th ed. 2013)); *see also Roland v. Branch Banking & Trust Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015) (noting the defendant's obligation to "present facts that will defeat the plaintiff's assertion of venue").

Federal Rule 12(b)(3) should be read in conjunction with 28 U.S.C. § 1406(a), which requires that a court "dismiss" a case that has been filed in the improper venue "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Read together, "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper' . . . in the forum in which [the case] was brought." *Atl. Marine Constr. Co. v. U.S. Dist. Court for West. Dist. of Tex.*, 571 U.S. 49, 55 (2013). The decision whether a transfer or dismissal is in the interest of justice rests within the sound discretion of the district court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1994).

## DISCUSSION

Noha has failed to establish venue in the District of Columbia. Generally, a civil action may be brought only in (1) the district where any defendant resides, if all defendants reside in the

same state; (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated); or (3) in a district in which any defendant may be found, but only if there is no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b)(1)–(3).

Muhammad resides in Virginia and Liercke resides in Maryland.  *See* MTD Mem. at 3–4. Although Reagan National bears a mailing address of 1 Aviation Circle - Washington, D.C. 20001, *see* Compl. at 2, it is, in fact, physically located at 2401 Smith Boulevard, in Arlington, Virginia 22202.  *See* MTD Mem. at 3–4; *MWAA v. Citizen. for Abatement of Aircraft Noise, Inc.*, 501 U.S. 252, 252 (1991) ("Both [Reagan National and Dulles] airports are located in the Virginia suburbs of the District [of Columbia]."); *Mvuri v. American Airlines Inc.*, No. 18-128, 2018 WL 10733604, at *2 (D.D.C. Jun. 1, 2018) (finding venue in this District improper where the plaintiff's "only proffered basis" for venue and personal jurisdiction was "his misconception, arising from the fact that Reagan National is assigned a District of Columbia mailing address, that Reagan National is located in the District of Columbia[,]" finding it irrelevant that "Reagan National has a District of Columbia mailing address[,]" and taking "judicial notice of the fact that Reagan National is, in reality, located in the Eastern District of Virginia.") (citing *Adams v. Middlebrooks*, 640 F. App'x 1, 4 (D.C. Cir. 2016) ("[G]eographic location is a matter of which the courts may take judicial notice[.]")) (other citation omitted); *see also* Reagan National, Directions to Ronald Reagan Washington Nat'l Airport, https://www.flyreagan.com/directions-ronald-reagan-washington-national-airport-dca (last visited Feb. 23, 2026).[2]

---

[2]    The Court may take judicial notice of information from official public websites of government agencies.  *See Cannon v. Dist. of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013); *see also Abraham v. Burwell*, 110 F. Supp. 3d 25, 27 (D.D.C. 2015) (taking judicial notice of agency location in venue challenge).

Accordingly, venue is not established under § 1391(b)(1), because the defendants do not all reside in the same state.  However, venue *is* established in Virginia under § 1391(b)(2), because *all* of the events giving rise to Noha's claims occurred in Virginia, largely at Reagan National, and thereafter, at Arlington County Detention Center.  Therefore, this matter should have been filed, not in this District, but in the United States District Court for the Eastern District of Virginia.  *See* MTD Mem. at 4.

While "the standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it," *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001), dismissal is appropriate "when the outcome is foreordained," *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (noting that "it made little sense to transfer the case to another jurisdiction pursuant to 28 U.S.C. § 1406" since "[t]hat would have kept the case alive only until the next court looked it over and found it wanting").  Here, Noha has not opposed the defendants' Motion to Dismiss, and she has been conspicuously absent from pursuing this matter for approximately six months.  With no indication that Noha has any intention to prosecute this case, the Court declines to transfer it to another federal court, and instead dismisses it without prejudice pursuant to Federal Rule 12(b)(3).  *See Copeland v. Morris*, No. 91–1150, 1991 WL 277419, at *1 (D.D.C. Dec. 10, 1991) (where the plaintiff "neither opposed the government's motion nor moved for an extension of time in which to respond," the court dismissed "for lack of venue" under Rule 12(b)(3), but noted that the "dismissal [was] without prejudice, however, and plaintiff [could] refile his complaint in the United States District Court in which venue is proper."); *Brown v. Dep't of Vet. Affairs*, No. 94–1119, 1996 WL 263636, at *1–2 (D.D.C. May 15, 1996) (same).  Noha's pending Requests for Leave to File, ECF Nos. 24, 25, 26, 27, and 28, are all denied as unnecessary, nonsensical, and largely moot.  A separate Order will issue.

DATE: March 10, 2026                    REGGIE B. WALTON
                                        *United States District Judge*

7